IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BECKI ALTMAN,

        Plaintiff,

Vs.                                                  No. 07-4045-SAC

WILLIAM H. YOUNG, NATIONAL NALC
PRESIDENT, THOMAS MOCK JR., PRESIDENT
BRANCH 10 NALC, BOBBY POTTER, UNION
REP. & TREASURER BRANCH 10 NALC,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that this case is barred by a six-month statute of limitations and that they are immune from suit.

The facts are not in dispute. Plaintiff was formerly employed as a letter carrier by the United States Postal Service (USPS). On April 5, 2005, plaintiff's employment with USPS was terminated. The local union filed a grievance on April 20, 2005 to contest plaintiff's termination, but filed

it one day after the deadline required by in the Collective Bargaining Agreement (CBA) between USPS and plaintiff's union, the National Association of Letter Carriers (NALC).  The subsequent decision by the arbitrator denied the grievance as untimely and thus upheld the termination of plaintiff's employment.

Plaintiff, acting pro se, filed this suit on April 4, 2007.  Named as defendants are Mr. Young, the national president of her former union, Mr. Mock, an officer of her local union, and Mr. Potter, a former officer of her local union.

Defendants contend that plaintiff's suit alleges a breach of the union's duty of fair representation (DFR) and is thus barred by its six-months' statute of limitations.  Defendants alternatively contend that they are immune from suit because individual union officers cannot be held liable in duty of fair representation suits.  In response, plaintiff contends solely that this is a breach of contract case which she believes is subject to a six- year statute of limitations.

The determination of which statute of limitations applies is based upon the characterization of the nature of plaintiff's complaint. Plaintiff alleges in her Complaint that the NALC filed the untimely

grievance, that the NALC violated her rights as a union member, and that her claim is based upon "a violation of the national contract between the NALC and the USPS." Dk. 1, p. 3. The complaint's statement of claim asserts that "the Union" filed a grievance regarding plaintiff's termination from employment one day after the fourteen-day deadline established for Informal Step A grievances in the Collective Bargaining Agreement (CBA) between the USPS and the NALC and that as a result, the arbitrator denied plaintiff's grievance as untimely. Plaintiff alleges that "this decision cost [her] her job... [at] which she had worked for more than 20 years." Dk. 1, p. 4. The Complaint, after quoting from various parts of the CBA and the arbitrator's decision, concludes, "It is clear the Plaintiff's rights as an active, dues paying, union member were violated by the NALC." Dk. 1, p. 6.

The complaint's only other reflection of the nature of plaintiff's claim is included in its jurisdictional section, which states:

> 1. This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. 2611 et seq)
> 2. This case arises because of violation of the national contract between the NALC (National Association of Letter Carriers) and the United States Postal Service.

Dk. 1, p. 3. Despite these claims, plaintiff has not named either her former

Union (NALC) or her former employer (USPS) as a party to this suit. Plaintiff has named three individual defendants, but the complaint fails to attribute any actions or inactions to any of them. None is named or alluded to in plaintiff's response to the motion to dismiss or in her complaint's statement of claim.

Plaintiff's position is also reflected in her response to the motion to dismiss, which states, "In the Federal Court Claims it clearly states that when a contract violation causes a financial loss then the statute of limitations is 6 years," thus her suit is "well within its statute of limitations." Dk. 8, p. 1-2.  Her response adds that "the NALC filled (sic) an untimely grievance resulting in my losing job, thus loss of income."

The language in plaintiff's complaint and in her response to the motion to dismiss indicates to the court that plaintiff intends to bring and believes she has brought suit for a breach of contract.  Nonetheless, the essence of plaintiff's suit is that the union mishandled her grievance, which resulted in the unfavorable arbitration award.  This claim of the union's untimely filing, which constitutes an action taken within the course of one's duty as a union officer or employee, is necessarily an allegation that defendants breached their duty of fair representation.

4

When the union representing an employee in the grievance procedure acts in such a perfunctory fashion as to breach its duty of fair representation, an employee may bring suit against both the employer and the union. *Vaca v. Sipes*, 386 U.S. 171 (1967).

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.' " *Mitchell*, 451 U.S., at 66-67, 101 S. Ct., at 1565-1566 (Stewart, J., concurring in the judgment), quoting *Hines*, 424 U.S., at 570-571, 96 S. Ct., at 1059. *The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both*.

*DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 164-165, (1983) (emphasis added).

Plaintiff's suit in this case is not "a straightforward breach of contract suit under § 301" to which a statute of limitations for breach of contract may arguably apply. Compare *Auto Workers v. Hoosier Cardinal Corp,* 383 U.S. 696 (1966) (finding Indiana's six-year statute of limitations for actions on oral contracts applicable to union's suit against employer for

breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Instead, plaintiff's suit makes a hybrid § 301/duty of fair representation claim because of its allegations against the union.

A six-months statute of limitations applies to DFR suits. *DelCostello*, 462 U.S. 151. (holding the six-month limitations period applies to employee's action against the employer for breach of the collective bargaining agreement and against the union for breach of the duty of fair representation). The Tenth Circuit has routinely applied a six-month statute of limitations to "hybrid" suits as well. *See e.g., Edwards v. International Union, United Plant Guard Workers of America (UPGWA)*, 46 F.3d 1047, 1052 (10th Cir.1995); *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1472 (10th Cir.1993); *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir.1990); *Rucker v. St. Louis S.W. Ry. Co.*, 917 F.2d 1233, 1237-38 (10th Cir.1990).

The six-month statute of limitations begins running "when the employee 'knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations.' "

*Edwards*, 46 F.3d at 1053 (quoting *Lucas*, 909 F.2d at 420-21). Here, the six-month statute accrued in 2005 when plaintiff learned that the union had not timely filed her grievance, and it thus expired long before plaintiff filed this suit in 2007.

Plaintiff cannot avoid the six-month statute of limitations applicable to both elements of a "hybrid" claim under *DelCostello* by suing only the Union or its officers. *Edwards*, 46 F.3d at 1052. A union member's suit against the Union cannot exist independently of his underlying wrongful discharge grievance against the employer. *See Arnold v. Air Midwest, Inc.*, 877 F. Supp. 1452, 1466 (D. Kan.1995) (district court does not have jurisdiction over company portion of plaintiff's hybrid claim where union portion of plaintiff's hybrid claim is barred by statute of limitations) *aff'd*, 100 F.3d 857 (10th Cir.1996). *See Hartwick v. District Lodge 70, Intern. Ass'n of Machinists and Aerospace Workers,* 184 F. Supp. 2d 1092, 1099 (D. Kan.2001).

Even if plaintiff's suit were properly styled as a breach of contract, officers of labor unions cannot be held liable under § 301 of the LMRA in their individual capacity. 29 U.S.C. § 185 (a). Rather, the law is settled that labor organizations (as entities) and employers are the only

proper defendants in actions under that statute. *See e.g., Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (union agents). Congress intended "the union as an entity" to be the "sole source of recovery for injury inflicted by it." *Id.* at 249. Thus, a union member can sue the union for such violations. *See Kinney v. International Broth. of Elec. Workers,* 669 F.2d 1222, 1229 (9th Cir. 1981). But the statute does not contemplate a suit brought by a union member against union officers for breach of internal union rules.

A union's agents may not be held individually liable for actions taken on behalf of the union. *Atkinson*, 370 U.S. at 249 (1962). Accordingly, "[w]ith monotonous regularity, court after court has cited *Atkinson* to foreclose state-law claims, however inventively cloaked, against individuals acting as union representatives within the ambit of the collective bargaining process." *Arnold v. Air Midwest, Inc.*,100 F.3d 857, 861 - 862 (10th Cir. 1996) (finding individual defendant immune from suit, and any claims against him were subsumed by the union's duty of fair representation),quoting *Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989).

The same is true for suits brought against union officials in their

official capacity.

> The same rule has been applied generally with respect to employees' suits for violation of a collective bargaining agreement, or for unfair representation, against officers of the union acting in their official capacity. (Citations omitted).

*Rodgers v. Grow-Kiewit Corp*, 1981 WL 2390, *1 (SDNY 1981). Thus the defendants are immune from personal liability for actions alleging a breach of the duty of fair representation. *See Williams v. U.S. Postal Service*, 834 F. Supp. 350, 351-352 (W.D. Okla.1993), *aff'd sub nom. Williams v. Letter Carriers,* 35 F.3d 575 (10th Cir. 1994).

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Where an amendment would be futile due to the statute of limitations, no amendment should be allowed. *See Murphy v. Klein Tools, Inc.*, 693 F. Supp. 982, 989 (D. Kan.1988). Granting leave to amend in this case to add the proper party defendant would be futile.[1] Because plaintiff's suit is barred by the six-month statute of limitations and the defendants are immune, plaintiff's case must be dismissed.

---

[1] This is so even if an amendment adding or substituting parties related back to the date the original complaint was filed. *See Brezovski v. U.S. Postal Service,* 905 F.2d 334, 335 (10th Cir.1990).

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Dk. 6) is granted.

Dated this 24th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge